UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ABBY CHAMPION, et al.,

                    Plaintiffs,                          No. 1:20-cv-7255 (CM)

      -against-

MODA OPERANDI, INC.,

                    Defendants.
-------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF MOTION
BY EDWARD C. GREENBERG, LLC AND OSTRAGER CHONG FLAHERTY &
BROITMAN P.C. TO WITHDRAW AS COUNSEL OF RECORD
FOR PLAINTIFF GRACE ELIZABETH HARRY CABE
P/K/A GRACE ELIZABETH AND FOR A  CHARGING LIEN**


EDWARD C. GREENBERG, LLC
c/o Joshua Broitman, Ostrager Chong Flaherty
 & Broitman P.C.
437 Madison Avenue, 24th Floor
New York, NY 10022
Tel: (754) 701 4821
Fax: (212) 681-0300


Joshua S. Broitman
OSTRAGER CHONG FLAHERTY & BROITMAN P.C.
437 Madison Avenue, 24th Floor
New York, NY 10022
Tel: (212) 681-0600
Fax: (212) 681-0300

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................... ii

PRELIMINARY STATEMENT........................................................................................... 1

BACKGROUND .................................................................................................................. 1

    A.    Procedural Background.................................................................... 1

    B.    Plaintiff Grace Elizabeth's Failure
         to Communicate with the Firms........................................................ 2

ARGUMENT ....................................................................................................................... 5

POINT I

THE FIRMS' MOTION TO WITHDRAW SHOULD BE GRANTED............................... 5

    A.    Breakdown in Communication with Plaintiff Grace Elizabeth
         and Her Failure to Cooperate Renders the Firms'
         Representation Unreasonably Difficult........................................... 5

    B.    Granting the Firms' Motion Would Not
         Affect the Timing of the Proceeding................................................ 7

POINT II

THE FIRMS ARE ENTITLED TO A CHARGING LIEN.................................................. 7

CONCLUSION..................................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

*Benvenisti v. City of New York*
No. 04-CV-3166 (JGK)(RLE)
2006 WL 44039 (S.D.N.Y., Jan. 6, 2006) ................................................................. 8

*Casper v. Lew Lieberbaum & Co., Inc.*
No. 97-CV-3016 (JGK) (RLE),
1999 WL 335334 (S.D.N.Y. May 26, 1999),
*adhered to on reconsideration*, 182 F. Supp. 2d 342 (S.D.N.Y. 2002) ..................... 9

*Dowler v. Cunard Line Ltd.*
94 Civ. 7480
1996 WL 363167 (S.D.N.Y. June 28, 1996) ............................................................. 9

*Farmer v. Hide Your Eyes Optical, Inc.*
60 F. Supp. 3d 441 (S.D.N.Y. 2014) ..................................................................... 5, 6

*Fischer v. Biman Bangladesh Airlines*
No. 96-CV-3120 (SHS)(AJP),
1997 WL 411446 (S.D.N.Y. July 18, 1997) ............................................................. 6

*In re Chesley v. Union Carbide Corp.*
927 F.2d 60 (2d Cir.1991)) ........................................................................................ 8

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*
140 F.3d 442 (2d Cir. 1998) .................................................................................. 8, 9

*Kahn v. Kahn*
186 A.D.2d 719, 588 N.Y.S.2d 658 (2d Dept. 1992) ............................................... 9

*Karimian v. Time Equities, Inc.*
No. 10-CV-3773(AKH)(JCF),
2011 WL 1900092 (S.D.N.Y., May 11, 2011) .......................................................... 8

*Klein v. Eubank*
87 N.Y.2d 459, 640 N.Y.S.2d 443, 663 N.E.2d 599 (1996)) .................................... 8

*Lake v. M.P.C. Trucking Inc.*
279 A.D.2d 813, 718 N.Y.S.2d 903, 904 (3d Dept. 2001) ........................................ 8

ii

*Liang v. Lucky Plaza Rest.*
    No. 12-CV-5077 (PAC)(GWG),
    2013 WL 3757036 (S.D.N.Y. July 17, 2013).............................................................. 6

*Markakis v. S.S. Mparmpa Christos*
    267 F.2d 926 (2d Cir. 1959) ....................................................................................... 8

*Munoz v. City of New York*
    No. 04-CV-1105 (JGK),
    2008 WL 2843804 (S.D.N.Y. July 15, 2008).............................................................. 6

*Naguib v. Pub. Health Solutions*
    No. 12-CV-2561 (ENV)(LB),
    2014 WL 2002824 (E.D.N.Y. May 15, 2014).............................................................. 6

*Tops Mkts., Inc. v. Quality Mkts., Inc.*
    No. 93-CV-0302E(F),
    2001 WL 392082 (W.D.N.Y. Apr. 4, 2001)................................................................ 9

*Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C.*
    370 F.3d 259 (2d Cir. 2004) ....................................................................................... 9

### **Statutes**

Lanham Act, Section 43(a), 15 U.S.C. § 1125........................................................................ 2

New York Civil Rights Law, Section 50 ................................................................................. 1

New York Civil Rights Law, Section 51 ................................................................................. 1

New York Judiciary Law § 475     ............................................................................... 1, 8, 9

### **Regulations**

New York Rules of Professional Conduct, Rule 1.16 ............................................................. 5

Local Rules of the U.S. District Courts for
the Southern and Eastern Districts of New York, Local Civil Rule 1.4................................ 1, 5

## PRELIMINARY STATEMENT

Pursuant to Local Civil Rule 1.4 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, Edward C. Greenberg, LLC and Ostrager Chong Flaherty & Broitman P.C. (the "Firms") seek leave to withdraw as co-counsel for Plaintiff Grace Elizabeth Harry Cabe p/k/a Grace Elizabeth ("Plaintiff Grace Elizabeth"). The Firms will continue to represent all other plaintiffs.  There has been an irreconcilable breakdown in communication between Plaintiff Grace Elizabeth and the Firms, making it "unreasonably difficult", if not impossible, for the Firms to continue to represent her.  *See* Point I.

The Firms also respectfully request that the Court affix a charging lien against any proceeds recovered by Plaintiff Grace Elizabeth in this matter.  As set forth below, because the Firms have good cause for their application to withdraw, they should be granted a charging lien pursuant to New York Judiciary Law § 475.  With regard to the amount of this lien, the Firms ask that the Court exercise its discretion and defer this determination until the conclusion of the litigation.  *See* Point II.

Finally, the Firms respectfully request that the Court grant permission to serve these papers by email on Plaintiff Grace Elizabeth as that is the only means of communication with her that the Firms have.

## BACKGROUND

### A.    Procedural Background

Plaintiff's counsel Edward Greenberg ("Greenberg") filed the complaint in this action on September 4, 2020 on behalf of 42 plaintiff fashion models, including Plaintiff Grace Elizabeth. The Complaint asserts claims under Sections 50 and 51 of the New York Civil Rights Law and

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 against defendant Moda Operandi, Inc. ("Moda") and defendants Advance Publications, Inc. d/b/a Conde Nast, and Advance Magazine Publishers, Inc. d/b/a Conde Nast (collectively "Conde Nast Defendants"). (Dkt. 1).

Moda and the Conde Nast Defendants moved to dismiss the complaint on January 15, 2021. (Dkt. 20, 23). The Court granted in part and denied in part defendants' motion to dismiss in an Order dated September 22, 2021. (Dkt. 51). After the Order on the motion to dismiss, 28 plaintiffs remain in the case including Plaintiff Grace Elizabeth. Declaration of Edward Greenberg ("Greenberg Decl."), ¶ 15.

On April 11, 2022, plaintiffs, including Plaintiff Grace Elizabeth, settled their claims against the Conde Nast Defendants to the parties' satisfaction, and the Conde Nast Defendants were dismissed from the case. (Dkt. 69). The remaining claims in the case against Moda are asserted by the 28 remaining plaintiffs, including Plaintiff Grace Elizabeth.

On September 8, 2022, Joshua Broitman of the firm Ostrager Chong Flaherty & Broitman P.C. filed an appearance as co-counsel with Greenberg to represent the remaining 28 plaintiffs, including Plaintiff Grace Elizabeth. (Dkt. 79).

### B.    Plaintiff Grace Elizabeth's Failure to Communicate with the Firms

Plaintiff Grace Elizabeth is not unfamiliar with litigation, having brought and resolved at least one other matter. She has been represented by counsel in other matters which did not involve litigation and has had attorney-client relationships with other attorneys. Greenberg Decl., ¶ 15. Greenberg represented Plaintiff Grace Elizabeth in a prior unrelated case filed in this District which was resolved to the parties' satisfaction. Greenberg Decl., ¶ 6.

Greenberg is well acquainted with remaining defendant Moda's counsel Edward Rosenthal, Esq., and has known him personally for over 30 years. The Firms and Moda's

counsel have no difficulties communicating with each other and have been actively attempting to obviate further judicial intervention.  Progress toward that goal has been made.  Greenberg Decl., ¶ 8.

Up until about one month ago, communications and contacts with each of the 28 plaintiffs regarding all aspects typical and usual of filed cases inclusive of settlement attempts, the nature of possible discovery and so on has been unimpeded.  *Id.*, ¶ 9.  Inexplicably, Plaintiff Grace Elizabeth "commenced" refusing to reply to the Firms' emails about one month ago.  Nor did the Firms hear from any attorney, agent, accountant, or guardian purporting to have the authority to speak on her behalf.  In response to the Firms' emails to Plaintiff Grace Elizabeth, the Firm's finally received two emails from Plaintiff Grace Elizabeth which demonstrated that she was laboring under a complete misconception about the status of the case. *Id.*, ¶ 10-11.

The Firms advised Plaintiff Grace Elizabeth in writing that she was - for whatever reason(s) - incorrect about the status and other aspects of this case and urged her to call in order for the Firms to explain what the actual status of the case was.  Plaintiff Grace Elizabeth has failed to do so notwithstanding repeated written requests. She has refused to call the Firms or have the Firms speak to her by calling her. She has refused to provide the Firms with a "good phone number" to reach her as at present she is in the European Union.  The Firms are informed that Plaintiff Grace Elizabeth is doing fashion shows in Milan and is travelling between Milan and Germany, but she has refused to provide us with a physical address where she can receive mail.  She is not expected to return to New York for at least the next several weeks.  *Id.*, ¶ 11.

Subsequent emails that were sent to Plaintiff Grace Elizabeth – which can be supplied to the Court *ex-parte* – offered her the option of our supplying her with a consent to change attorney form or to inform us of her intentions on a going forward basis. The Firms repeatedly

3

advised her in writing that we cannot negotiate on her behalf nor represent her interests if she continued to ignore our emails and refuse to communicate with us in any manner, directly or indirectly.  The Firms advised her that she could retain new counsel, terminate their attorney-client relationship, or withdraw her claims.  *Id.*, ¶¶ 12-13.

Plaintiff Grace Elizabeth's inexplicable termination of communication with the Firms has caused this case to come to a halt.  Settlement negotiations with the last remaining defendant cannot continue without cooperation from and communication with Plaintiff Grace Elizabeth.  The Firms have no idea why Plaintiff Grace Elizabeth has refused to communicate with them in any manner.  She has made no complaints about our representation of her. *Id.*, ¶¶ 14, 16.

On February 23, 2023, Greenberg received an email from Plaintiff Grace Elizabeth informing him that her legal counsel is Frank Ferrante.  Greenberg immediately contacted Mr. Ferrante engaged him in a telephone conversation.  Mr. Ferrante advised Greenberg that he has not been retained in this case and that he did not know if Plaintiff Grace Elizabeth will retain him. *Id.*, ¶¶ 17-19.  Therefore, for the first time, it appears that Plaintiff Grace Elizabeth is actively seeking other counsel.  Greenberg advised Plaintiff Grace Elizabeth that since Mr. Ferrante has informed him that he has not yet been retained, this motion to withdraw is necessary so the case can proceed.  *Id.*, ¶ 20. Greenberg also informed Mr. Ferrante of the making of this motion, advised him that we would not be representing Plaintiff Grace Elizabeth in this case whether he or some other attorney was retained or not, and that on notice to Plaintiff Grace Elizabeth the Firms had taken no steps on her behalf and were making this motion to withdraw. *Id.*, ¶¶ 21-22.  The Firms have not received any response from Plaintiff Grace Elizabeth. *Id.* ¶ 23.

Whether this matter will be resolved at some point prior to trial cannot be foreseen.  In the event the Firms are not relieved as counsel at the earliest possible time, no settlement can be

4

had as they cannot speak or act on behalf of a client who refuses to communicate with us. *Id.* ¶ 25.


## ARGUMENT

Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

In determining whether to grant such an application, a court must analyze two factors: (1) the reasons for withdrawal and (2) the impact of the withdrawal on the timing of the proceeding. *Farmer v. Hide Your Eyes Optical, Inc.*, 60 F.Supp.3d 441, 444 (S.D.N.Y. 2014).  New York's Rules of Professional Conduct ("RPC") provides that an attorney may seek to withdraw from representing a client for several reasons including when a client "fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." NY RPC Rule 1.16.


## POINT I

## THE FIRMS' MOTION TO WITHDRAW SHOULD BE GRANTED

**A.   Breakdown in Communication with Plaintiff Grace Elizabeth and Her Failure to Cooperate Renders the Firms' Representation Unreasonably Difficult**

"'It is well-settled that a lawyer may seek to withdraw when the client renders it unreasonably difficult for the lawyer to carry out such employment effectively.' (cite omitted) Satisfactory reasons for withdrawal include 'a client's lack of cooperation, including lack of

5

communication with counsel…'" (cite omitted) *Farmer*, 60 F.Supp.3d at 445.  See also, *Liang v.*

*Lucky Plaza Rest.*, No. 12-CV-5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17,

2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case);

*Munoz v. City of New York*, No. 04-CV-1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15,

2008) (law firm demonstrated satisfactory reason to withdraw based on the lack of

communication with the plaintiff); and *Fischer v. Biman Bangladesh Airlines*, No. 96-CV-3120

(SHS)(AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a

client with its counsel, including lack of communication, is a sufficient reason for allowing

withdrawal.").

As set forth in the Greenberg Declaration and in the Background, at least for the last

month, Plaintiff Grace Elizabeth has refused to cooperate with the Firms to prosecute and

attempt to settle this case, which may prejudice the remaining 27 plaintiffs. She has not

responded to repeated queries from counsel, has refused counsel's offer for her to change

attorney, has refused to provide a telephone number to contact her, has refused to speak with the

Firms, and she is now apparently seeking new counsel.  The relationship between Plaintiff Grace

Elizabeth and the Firms has therefore ceased to exist or at the very least has deteriorated to the

point that it is unreasonably difficult, if not impossible, to collaborate effectively on this case

going forward, rendering the Firms' withdrawal from representing Plaintiff Grace Elizabeth

necessary. A breakdown in communication between a lawyer and client constitutes a satisfactory

reason for withdrawal.  *Farmer*, 60 F.Supp.3d at 445, citing, *Naguib v. Pub. Health Solutions*,

No. 12-CV-2561 (ENV)(LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) and *Munoz*,

2008 WL 2843804 at *1.

6

**B.     Granting the Firms' Motion Would Not Affect the Timing of the Proceeding**

The Firms do not expect the motion to alter the current court schedule but expect that it could advance a settlement dialogue between 27 plaintiffs and the remaining defendant Moda. Certainly, without Plaintiff Grace Elizabeth's cooperation and communication, there will be no settlement. Greenberg Decl., ¶ 25. Discovery is proceeding concurrently according to the current court schedule, which requires all discovery (fact and expert) to be completed by May 30, 2023, and a Pre-Trial Order and any summary judgment motions to be filed by June 30, 2023.

The Firms request that the Court permit them to serve these papers on Plaintiff Grace Elizabeth by email because she has refused to provide any other means of communication with her or her current physical address and is not expected to return to New York for at least the next several weeks.  Greenberg Decl., ¶¶ 11, 24.


**POINT II**

**THE FIRMS ARE ENTITLED TO A CHARGING LIEN**

Plaintiffs' complaint was filed September 2020 and sustained, after a motion to dismiss, against 28 plaintiffs, including Plaintiff Grace Elizabeth.  (Dkt. 1; Dkt. 51).  On April 11, 2022, plaintiffs, including Plaintiff Grace Elizabeth, settled their claims against the Conde Nast Defendants to the parties' satisfaction, and the Conde Nast Defendants were dismissed from the case.  (Dkt. 69).  Plaintiffs' counsel has invested substantial time and effort into this case and requests that the Court grant the Firms a charging lien against Plaintiff Grace Elizabeth to the extent she pursues this case on her own.

Pursuant to New York Judiciary Law § 475, "[f]rom the commencement of an action, . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or

counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor ... The court upon the petition of the client or attorney may determine and enforce the lien." "New York Judiciary Law § 475 governs attorneys' charging liens in federal courts sitting in New York." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) (citing *Markakis v. S.S. Mparmpa Christos*, 267 F.2d 926, 927 (2d Cir. 1959). Further, the Second Circuit has "long recognized that the lien created by section 475 … is enforceable in federal courts in accordance with its interpretation by New York courts." *Itar-Tass*, 140 F.3d at 449 (quoting *In re Chesley v. Union Carbide Corp.*, 927 F.2d 60, 67 (2d Cir.1991)).

It has also long been held "that attorneys who terminate their representation for just cause continue to be entitled to enforce their liens." *Itar-Tass*, 140 F.3d at 451 (quoting *Klein v. Eubank*, 87 N.Y.2d 459, 462, 640 N.Y.S.2d 443, 663 N.E.2d 599 (1996)). See also, *Karimian v. Time Equities, Inc.,* No. 10-CV-3773(AKH)(JCF), 2011 WL 1900092, at *4 (S.D.N.Y., May 11, 2011)("Counsel who withdraw voluntarily are entitled to enforce this charging lien, provided that the withdrawal is for 'good and sufficient cause.'") (quoting *Benvenisti v. City of New York*, No. 04-CV-3166 (JGK)(RLE), 2006 WL 44039, at *2 (S.D.N.Y., Jan. 6, 2006). "Under New York law, good cause for withdrawal exists where there are 'irreconcilable differences ... with respect to the proper course to be pursued in [the] litigation,' where 'the client flatly challenged [counsel's] loyalty and professional integrity,' or where 'the relationship between plaintiff[s] and [their] attorney ha[s] deteriorated to the point where further representation [is] inappropriate.'" *Karimian*, 2011 WL 1900092, at *4, quoting, *Lake v. M.P.C. Trucking Inc.*, 279 A.D.2d 813, 814, 718 N.Y.S.2d 903, 904 (3d Dept. 2001) (alterations in original) (internal quotation marks omitted).

8

As set forth in Point I, *supra*, the Firms have demonstrated the existence of irreconcilable differences between them and Plaintiff Grace Elizabeth resulting from her failure to communicate with them about the case and possible settlement of the case, and her advice that she is seeking new representation. "Where an attorney withdraws from a case with cause, the attorney is entitled to be compensated based on quantum meruit." *Itar-Tass*, 1999 WL 58680, at *12.  See also, *Dowler v. Cunard Line Ltd.*, 94 Civ. 7480, 1996 WL 363167, at *2 n. 1 (S.D.N.Y. June 28, 1996) ("[A]n attorney withdrawing with just cause is entitled to be paid on a quantum meruit basis…"); *Kahn v. Kahn*, 186 A.D.2d 719, 720, 588 N.Y.S.2d 658, 659 (2d Dept. 1992) ("Where an attorney's withdrawal from a case is justifiable, the attorney is entitled to recover for services rendered on the basis of quantum meruit and to impose a ... charging lien on the proceeds of the judgment.").  The Firms are entitled to enforce a charging lien computed on a quantum meruit basis.

However, because this case has not yet concluded, it is difficult for the Court to determine the "fair and reasonable" value of the Firm's fees under quantum meruit.  Accordingly, the Firms respectfully request that the Court defer this determination until the conclusion of the case. "[A] court 'has discretion to defer the determination of the fair and reasonable value of a discharged attorney's fees under quantum meruit until the conclusion of the litigation.'" *Universal Acupuncture Pain Services, P.C. v. Quadrino & Schwartz, P.C.*, 370 F.3d 259, 264 (2d Cir. 2004) (quoting *Tops Mkts., Inc. v. Quality Mkts., Inc.*, No. 93-CV-0302E(F), 2001 WL 392082, at *3 (W.D.N.Y. Apr. 4, 2001)). "In appropriate circumstances, the court may defer fixing the amount of the lien under § 475 until the conclusion of the case." *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97-CV-3016 (JGK) (RLE), 1999 WL 335334, at *7 (S.D.N.Y. May 26, 1999), adhered to on reconsideration, 182 F. Supp. 2d 342 (S.D.N.Y. 2002)).

## **CONCLUSION**

The Court should grant Plaintiffs' counsels' motion to withdraw as counsel for Plaintiff

Grace Elizabeth and for a charging lien against Plaintiff Grace Elizabeth.

Dated:  March 1, 2023

Respectfully,

/s/ *Joshua S. Broitman*

OSTRAGER CHONG FLAHERTY
& BROITMAN P.C.
437 Madison Avenue, 24th Floor
New York, NY 10022
Tel: (212) 681-0600
Fax: (212) 681-0300


EDWARD C. GREENBERG, LLC
c/o Joshua Broitman, Ostrager Chong Flaherty
  & Broitman P.C.
437 Madison Avenue, 24th Floor
New York, NY 10022
Tel: (754) 701 4821
Fax: (212) 681-0300

*Attorneys for Plaintiffs*