UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ABBY CHAMPION, et al.,

               Plaintiffs,                     No. 1:20-cv-7255 (CM)

     -against-

MODA OPERANDI, INC.,

               Defendants.
-----------------------------------------------------------------X


**DECLARATION OF EDWARD C. GREENBERG IN SUPPORT OF MOTION
BY EDWARD C. GREENBERG, LLC AND OSTRAGER CHONG FLAHERTY &
BROITMAN P.C. TO WITHDRAW AS COUNSEL OF RECORD FOR
PLAINTIFF GRACE ELIZABETH HARRY CABE p/k/a
GRACE ELIZABETH AND FOR A CHARGING LIEN**

     EDWARD C. GREENBERG, ESQ., an attorney admitted to practice in this Court,

pursuant to 28 U.S.C. § 1746, declares under penalty of perjury the following:

     1.     I am the owner of Edward C. Greenberg, LLC.  My firm and the firm of Ostrager

Chong Flaherty & Broitman P.C. (collectively "**the Firms**") are currently co-counsel of record

for all plaintiffs in this case including plaintiff Grace Elizabeth Harry Cabe *p/k/a* Grace Elizabeth

("**Plaintiff Grace Elizabeth**").

     2.     There are 28 plaintiffs in this case, inclusive of Plaintiff Grace Elizabeth.

     3.     As Plaintiffs' counsel from the beginning of this action, I am familiar with the

facts and circumstances discussed herein based upon personal knowledge and the files

maintained by the Firms.

     4.     I submit this declaration in support of the Firms' motion, pursuant to the Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York,

Local Civil Rule 1.4, for leave to withdraw as Plaintiff Grace Elizabeth's attorneys of record and

in support of the Firms' motion for a charging lien on the file.  The Firms' motion relates only to Plaintiff Grace Elizabeth.  The Firms will continue to represent the other 27 plaintiffs.

5.      The within motion is being made out of necessity and seeks an Order relieving the Firms as counsel for Plaintiff Grace Elizabeth.

6.      I have represented Plaintiff Grace Elizabeth on a prior unrelated case filed in this District which was resolved to the parties' satisfaction.

7.      I represented Plaintiff Grace Elizabeth in the present case in connection with the settlement of any and all claims she had or may have had against co-defendants Advance Publications, Inc. d/b/a Conde Nast and Advance Magazine Publishers, Inc. d/b/a Conde Nast (together, the "**Conde Nast Defendants**").  The claims against Conde Nast were resolved to the satisfaction of the parties.  The Conde Nast Defendants are no longer defendants in this matter.

8.      I am well acquainted with remaining defendant Moda Operandi, Inc.'s ("**Moda**") counsel Edward Rosenthal, Esq., and have known him personally for over 30 years.  Counsel for Moda and for the plaintiffs have no difficulties communicating with each other and have been actively attempting to obviate further judicial intervention.  Progress toward that goal has been made.

9.      Communications and contacts with each of the 28 plaintiffs regarding all aspects typical and usual of filed cases inclusive of settlement attempts, the nature of possible discovery, and so on has been unimpeded until recently.

10.     Inexplicably and commencing about one month ago, Plaintiff Grace Elizabeth "commenced" refusing to reply to our emails.  Nor did we hear from any attorney, agent, accountant, or guardian purporting to have the authority to speak on her behalf.  In response to

2

our emails, we finally received two emails from Plaintiff Grace Elizabeth which demonstrated that she was laboring under a complete misconception(s) about the status of the within case.

11.     We advised her in writing that she was - for whatever reason(s) - incorrect about the status and other aspects of this case and urged her to call us in order to explain what was the factual/actual status of the case.  She has failed to do so notwithstanding repeated written requests.  She has refused to call our office or have us speak to her by calling her.  She has refused to provide us with a "good phone number" to reach her as at present she is in the European Union.  We are informed that Plaintiff Grace Elizabeth is doing fashion shows in Milan and is travelling between Milan and Germany, but she has refused to provide us with a physical address where she can receive mail.  She is not expected to return to New York for at least the next several weeks.

12.     Subsequent emails that I sent to Plaintiff Grace Elizabeth – which can be supplied to the Court *ex-parte* – offered her the option of our supplying her with a consent to change attorney form or to inform us of her intentions on a going forward basis. We repeatedly advised her in writing that we cannot negotiate a settlement on her behalf nor represent her interests in this action if she continued to ignore our emails and refuse to communicate with us in any manner, directly or indirectly.

13.     We advised her that she could retain new counsel, terminate our attorney-client relationship, or withdraw her claims.

14.     Plaintiff Grace Elizabeth's inexplicable termination of communication with me or anyone else at the Firms has caused this case to come to a halt.  Settlement negotiations with the last remaining defendant cannot continue without cooperation from and communication with Plaintiff Grace Elizabeth.

15.     It ought be repeated here that Plaintiff Grace Elizabeth is not new to litigation having brought and resolved at least one other matter. She has to my personal knowledge, been represented by counsel in other matters which did not involve litigation. She has had attorney-client relationships other than with my office.

16.     I have absolutely no idea premised on any facts known to explain Plaintiff Grace Elizabeth's refusal to communicate with us in any manner.  She has made no complaints about our representation of her.

17.     On February 23, 2023, I received an email from Plaintiff Grace Elizabeth informing me that her legal counsel is Frank Ferrante of the Ferrante Law Firm.

18.     I immediately contacted Mr. Ferrante (who was unknown to us) and we engaged in a telephone conversation.

19.     Mr. Ferrante advised me that he has not been retained in this case and that he did not know if Plaintiff Grace Elizabeth will retain him.

20.     For the first time, it appears to the Firms that Plaintiff Grace Elizabeth is actively seeking other counsel.  I advised Plaintiff Grace Elizabeth that since Mr. Ferrante has informed us that he has not yet been retained, the within motion is necessary so the case can proceed.

21.     I informed Mr. Ferrante of the making of this motion and also advised him that we would not be representing Plaintiff Grace Elizabeth in this case whether he or some other attorney was retained or not.

22.     I also informed Mr. Ferrante that on notice to Plaintiff Grace Elizabeth we had taken no steps on her behalf and were making the within motion.  Mr. Ferrante has not responded to me.

23.     Plaintiff Grace Elizabeth has not responded to me.

24.     I therefore respectfully ask this Court for an Order relieving the Firms as co-counsel for Plaintiff Grace Elizabeth and granting her thirty (30) days to retain new counsel (although we have no reason to believe that she intends to do so).  I further request this Court to permit us to serve these papers on Plaintiff Grace Elizabeth by email as that is the only communication method that she has responded to.

25.     Whether this matter will be resolved at some point prior to trial cannot be foreseen.  In the event the Firms are not relieved as co-counsel for Plaintiff Grace Elizabeth at the earliest possible time, we can assure that no settlement can be had as we cannot speak or act on behalf of a client who refuses to communicate with us.

Dated:  New York, New York
        March 1, 2023

*/s/ Edward C. Greenberg*
Edward C. Greenberg

EDWARD C. GREENBERG, LLC
c/o Joshua Broitman, Ostrager Chong Flaherty
& Broitman P.C.
437 Madison Avenue, 24th Floor
New York, NY 10022
Tel: (754) 701 4821
Fax: (212) 681-0300

*Attorneys for Plaintiffs*